Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff Renee Goggans

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Renee Goggans**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Financial Asset Management Systems, Inc.**, a corporation,<br><br>Defendant. | Case No. **'15CV1502 H    JMA**<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

### Introduction

1.   Renee Goggans ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and abusive attempts by Financial Asset Management Systems, Inc. ("Defendant"), and its agents to collect a debt, causing Plaintiff damages.

2.   For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

Complaint—1

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227, 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

## Parties

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g). Plaintiff resides in San Diego, California, and is allegedly obligated with respect to a consumer debt as that term is defined in 15 U.S.C. § 1692c(b).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency and a Georgia corporation operating from an address of 1967 Lakeside Parkway, Suite 402, Tucker, Georgia 30084, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is

Complaint—2

defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

9. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

**Factual Allegations**

10. At all times relevant, Plaintiff was an individual residing in San Diego, California.

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

12. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. Plaintiff is informed and believes, and on that basis alleges, that Defendant believes that Plaintiff is obligated to repay a student loan that was originally incurred for personal, family, or household purposes, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

13. Cal. Civ. Code §§ 1788.2(d), (e), and (f) similarly define the terms "debt," "consumer credit transaction," and "consumer debt" together to include money which is due or owing, or alleged to be due or owing, from a natural person to another person and which is or was incurred primarily for personal, family, or household purposes.

14. Defendant alleges in its communications with Plaintiff that Plaintiff incurred student loan obligations that are due or owing, and therefore meets the definition of a consumer debt under Cal. Civ. Code § 1788.2(f).

15. Defendant's various communications with Plaintiff discussed in this Complaint all fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

Complaint—3

16. Defendant believes that Plaintiff fell behind and defaulted on student loan payments allegedly owed on the alleged debt. This is untrue. Plaintiff did borrow money for her education but soon after completing it consolidated all outstanding obligations into one loan, on which she is current.

17. Plaintiff is a subscriber to cellular telephone services for a telephone number ending in 6507, where she received the calls from Defendant complained of herein.

18. Plaintiff did not provide the 6507 telephone number to Defendant through any medium at any time. Defendant obtained Plaintiff's contact information, including the 6507 number, through means unknown to Plaintiff.

19. Beginning in late 2012, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff's cellular telephone number ending in 6507 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

20. This ATDS used by Defendant to call Plaintiff had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

22. The calls continued through June 12, 2015 and came virtually every day and often more than once per day. Not more than three consecutive days passed in this period without at least one phone call from Defendant to Plaintiff's cellular telephone number ending 6507.

23. Nearly all of the calls also used the following pre-recorded message: "Hello. This is Financial Asset Management Systems, calling with a message. This is an attempt to collect a debt. Please call us at 888-681-4326. Again that number is 888-681-4326. Thank you."

Complaint—4

24. Dozens of identical recordings were left on Plaintiff's 6507 line as voicemail messages.

25. None of the calls were made with Plaintiff's express consent.

26. Plaintiff answered at least one hundred of the above mentioned autodialed telephone calls from Defendant to her cellular telephone number ending in 6507 and asked Defendant to stop calling. She explained that she was not obligated on the debt Defendant claimed she owed, yet the calls continued without interruption.

27. During nearly all of these conversations, Defendant's representatives would beseech Plaintiff to make a payment on this alleged student loan obligation, offering discounts and incentives to make a full or partial payment.

28. Defendant is one of the largest collectors for student loans in the country servicing more than 150,000 student loan accounts valued at nearly $2 billion as of 2013. United States Department of Education documents reveal that while Defendant is one of the dozen or so largest debt collectors of student loans, it continually has one of the lowest Competitive Performance and Continuous Surveillance scores, ranking near the bottom of its peer group for compliance and customer service. POUNDING STUDENT LOAN BORROWERS: THE HEAVY COSTS OF THE GOVERNMENT'S PARTNERSHIP WITH DEBT COLLECTION AGENCIES, National Consumer Law Center Report (Sept., 2014) at 63, (available online at http://tinyurl.com/pwrrd32) (accessed July 7, 2015).

29. At various times, Defendant programmed its telephone dialing system to show as the incoming caller ID number telephone numbers in the 619, 858, and 760 area codes.

30. According to Defendant's website, Defendant operates and maintains three calling centers in Atlanta, St. Louis, and Cincinnati; each center has three hundred seats for staffers. *See,* http://www.fams.net/about/locations.php, accessed June 24, 2015).

Complaint—5

31. Upon information and belief, Plaintiff alleges that Defendant has no call center in the 619, 858, or 760 area code and instead used false and misleading caller ID information in a calculated effort to increase the rate at which Plaintiff and other consumers would answer Defendant's collection calls.

32. Plaintiff on numerous occasions did answer Defendant's collection calls when showing a 619, 858, or 760 caller ID area code, believing it to be a potential customer phone call.

33. Plaintiff operates a business raising and caring for Monarch butterflies of the *danaus plexippus* species, which are endangered and threatened due to encroachment on their natural habitats in Southern California. She releases dozens of these butterflies at events such as weddings and funerals at the request of clients who wish not only to beautify important moments in their lives but also contribute to the rebuilding of butterfly populations and encourage migratory patterns.

34. Plaintiff uses the telephone number ending in 6507 as her sole business telephone for incoming potential client inquiries.

35. When Defendant began employing false and deceptive caller ID information for its incoming calls, Defendant tricked Plaintiff into answering many calls she did not intend to take, causing increased telephone charges.

36. Plaintiff also began to ignore or send to voice mail many incoming calls from numbers she did not recognize, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, she missed many potential client inquiries, suffering economic harm.

37. Plaintiff's cellular telephone number ending in 6507 was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

38. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Plaintiff did not provide prior express consent to receive calls or messages on Plaintiff's cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

40. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

41. Through this conduct of calling Plaintiff more than once when Defendant knew Plaintiff was not obligated on the debt, Defendant violated 15 U.S.C. § 1692b(3), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

42. Through this conduct of calling Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

43. Through this conduct of calling Plaintiff continuously after Plaintiff informed Defendant numerous times that Plaintiff was not obligated on the debt and wished the calls to cease, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

44. Through this conduct of calling Plaintiff using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

45. Each of the above-described practices and conduct outlined in paragraphs 41 through 44, inclusive, also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

46. Through this conduct of calling Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

47. Through this conduct of calling Plaintiff using an artificial or prerecorded voice to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

48. Plaintiff felt frustrated and helpless as a result of the calls. The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal and professional life. The calls also prevented Plaintiff from pursuing her lawful business and caused her direct, immediate economic harm in the form of lost sales.

49. The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life, including her relationships with her close family members. Plaintiff's mother grew very concerned that Defendant's aggressive, harassing, and error-filled collection tactics would jeopardize Plaintiff's financial circumstances. Much of the final months of Plaintiff's mother's life — she passed

away in April 2013 — were spent with worries for Plaintiff's financial situation, despite Plaintiff's repeated assurances to the contrary. This stress on Plaintiff's mother negatively affected Plaintiff as well, preventing her from enjoying the final months of her mother's life without intrusion, interruption, and harassment by Defendant.

## First Claim for Relief

### Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Within a four-year period immediately preceding this action, Defendant made more than 300 calls to Plaintiff's cellular telephone service using an automatic telephone dialing system and/or an artificial or prerecorded voice in violation of the TCPA.

52. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

53. Defendant did not have prior express consent from Plaintiff to use an ATDS or to employ an artificial or prerecorded voice to call the Plaintiff's cellular telephone.

54. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to as much as $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

Complaint—9

## Second Claim for Relief

### Fair Debt Collections Practices Act — 15 USC § 1692 *et seq.*

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 *et seq.*

59. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Third Claim for Relief

### RFDCPA — Cal. Civil Code §§ 1788-1788.32

60. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

61. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

62. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

Complaint—10

## Fourth Claim for Relief

## Negligence

63. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

64. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendant owed a duty to Plaintiff with regard to their manner of debt collection practices.

65. Defendant breached Defendant's respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

66. Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

67. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress.

68. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

69. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

## Jury Trial Demand

70. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

**Prayers for Relief**

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1. An injunction against the calling of Plaintiff's cellular telephone by Defendant and its contractors, agents and employees;
2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30;
5. General, special, and punitive damages according to proof, including loss of earnings;
6. Costs of litigation and reasonable attorneys' fees;
7. Such other and further relief as the Court may deem just and proper

Dated:   July 7, 2015          Ankcorn Law Firm, PC

                               /s/ Mark Ankcorn

                               Attorneys for Plaintiff Renee Goggans